Pace W. Johnson (15970)
PACE JOHNSON LAW GROUP
231 East 400 East, Suite 300
Salt Lake City, UT 84111
*pace@pacejohnson.com*
Telephone: (385) 347-3111
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| KENYON FLETCHER, an individual;<br><br>     Plaintiff,<br><br>vs.<br><br>TYLER KIMBERLY, JAMES SHUMAN, T. ATKIN, JAMES BLAKE, BEN MATTHEW CLUFF, W. DAVIS, T. PHILLIPS, HENRY WEBER, RUSHTON, West Valley City Police Officers and government employees; DOE DEPUTIES 1-10; WEST VALLEY CITY POLICE DEPARTMENT, a government entity; WEST VALLEY CITY, a government entity; and Police Chief COLLEEN JACOBS, a government employee.<br><br>     Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No.:_____<br><br>Judge:_____ |

     Plaintiff Kenyon Fletcher *("Plaintiff"),* through his counsel, hereby complains against defendants and each of them as follows:

PRELIMINARY STATEMENT

     1.    The following allegations are based upon the undersigned's understanding of the information presently available. This is a civil rights action in which the Plaintiff seeks relief for

the Defendants' violation of his rights guaranteed by the United States Constitution, specifically the Fourth and Fourteenth Amendments. These rights are further secured by the Civil Rights Act of 1871, codified as 42 U.S.C. § 1983 and § 1988. This actions also seeks relief under the law, statutes and Constitution of the State of Utah, specifically Article I, §§ 7, 9 and 14 of the Utah Constitution.

2.      In July of 2020, the warrantless search and detention of Mr. Fletcher resulted in a wrongful and illegal prison incarceration term of 23 months.

3.      Mr. Fletcher seeks redress and damages for the violation of his civil rights as a result this wrongful and illegal search and seizure without a warrant, and for the wrongful and illegal prison detention for nearly two years.

JURISDICTION AND VENUE

4.      This action arises under the United States Constitution and federal law, particularly the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. §§ 1983 and 1988.

5.      This action also arises under the Constitution of the State of Utah Article I, §§ 7, 9, and 14.

6.      This action seeks redress for violations of the civil rights laws of the United States, and jurisdiction is therefore invoked pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

7.      As to the State Constitutional claims, this Court's supplemental jurisdiction is invoked under 28 U.S.C. § 1367.

8.      The claims made in this Complaint occurred and arose in the State of Utah, in this District. Venue for the Federal claims is therefore proper under 28 U.S.C. §§ 1391 and 1331.

Venue for the State claims is proper under 28 U.S.C. § 1367.

9.     Plaintiff is seeking damages pursuant to the claims for relief specified below in amounts to be proved at trial.

10.     This Court has authority to award costs and attorney fees pursuant to 42 U.S.C. § 1988, and pursuant to the Court's inherent power under State law.

11.     This action also seeks to redress for violations of Plaintiff's constitutional rights secured under the Utah Constitution. This Court further has pendent jurisdiction over any and all State claims pursuant to Utah Code Ann. § 78A-5-102(1).

12.     Venue is proper in this court pursuant to Utah Code Ann. §§ 78B-3-304 to 307.

NATURE OF THE CASE

13.     This is an unlawful search, false arrest and false imprisonment case. Through this complaint, Mr. Fletcher seeks to recover damages caused by defendants' unlawful search, false imprisonment, false arrest, police misconduct, violation of Article I, Section 14 of the Utah Constitution, violation of civil rights under 42 U.S.C. § 1983.

14.     Police officers' failures were both pervasive and egregious. They materially contributed to the court's unlawful incarceration of 23 months in prison against Fletcher.

PARTIES

15.     Plaintiff Kenyon Fletcher ("Fletcher" or "Plaintiff") is a resident of Sanpete County, Utah.

16.     Defendant West Valley City Police Department ("WVCPD") is a Utah Law Enforcement Agency located in West Valley, Utah.

17.     Defendant Tyler Kimberley ("Kimberly") is a resident of Salt Lake County, Utah. At all times relevant to these actions, Kimberly was a police officer for the West Valley City Police Department.

18.     Defendant James Shuman ("Shuman") is a resident of Salt Lake County, Utah. At all times relevant to these actions, Shuman was a police officer for the West Valley City Police Department.

19.     Defendant T. Atkin ("Atkin") is a resident of Salt Lake County, Utah. At all times relevant to these actions, Atkin was a police officer for the West Valley City Police Department.

20.     Defendant James Blake ("Blake") is a resident of Salt Lake County, Utah. At all times relevant to these actions, Blake was a police officer for the West Valley City Police Department.

21.     Defendant Ben Matthew Cluff ("Cluff") is a resident of Salt Lake County, Utah. At all times relevant to these actions, Cluff was a police officer for the West Valley City Police Department.

22.     Defendant W. Davis ("Davis") is a resident of Salt Lake County, Utah. At all times relevant to these actions, Davis was a police officer for the West Valley City Police Department.

23.     Defendant T. Phillips ("Phillips") is a resident of Salt Lake County, Utah. At all times relevant to these actions, Phillips was a police officer for the West Valley City Police Department.

24.     Defendant Henry Weber ("Weber") is a resident of Salt Lake County, Utah. At all times relevant to these actions, Weber was an employee and/or police officer for the West Valley

City Police Department.

25.     Defendant Rushton ("Rushton") is believed to be a resident of Salt Lake County, Utah. At all times relevant to these actions, Rushton was an employee and/or police officer for the West Valley City Police Department.

26.     Defendants Doe Officers 1-10 were at all relevant times herein officers of the West Valley City Police Department, a department of West Valley City, acting in their official capacity and under the color of law of the State of Utah. The specific identities are presently unknown, but upon positive identification they will be properly served with process, and their individual names will be added to this Complaint in accordance with the applicable federal rules.

27.     Defendant West Valley City is a political subdivision of the State of Utah. West Valley City has a law enforcement branch known as the West Valley City Police Department ("WVCPD") which is authorized to operate by West Valley City and the State of Utah. West Valley City funds and supervises the WVCPD and is legally responsible for the acts of its employee officers that are within the course and scope of their employment. West Valley City, through the actions of WVCPD Officers Kimberly, Shuman, Atkin, Blake, Cluff, Davis, Neville, Phillips, Rushton, Shuman, Weber, and Does 1-10, is a "person" within the meaning of 42 U.S.C. § 1983. Chief Colleen Jacobs and officers Kimberly, Shuman, Atkin, Blake, Cluff, Davis, Neville, Phillips, Rushton, Shuman, Weber, and Does 1-10 were at all times government employees and state actors.

28.     Defendant Colleen Jacobs ("Jacobs") is believed to be a resident of Salt Lake County, Utah. At all times relevant to these actions, Jacobs was the Chief of Police for the West Valley City Police Department.

FACTUAL ALLEGATIONS

29.     Kimberly, Shuman, Atkin, Blake, Cluff, Davis, Neville, Phillips, Rushton and Weber were law enforcement agents and officers for West Valley City at the times of the events in question in this action.

30.     The defendants listed in this Complaint are individually and/or collectively responsible for the wrongful incarceration of Mr. Fletcher.  Mr. Fletcher has suffered physically, mentally, emotionally, psychologically, and financially from these wrongful doings.

**A.  FALSE SEARCH AND ARREST**

31.     Officer James Shuman and Officer Tyler Kimberly of the West Valley City Police Department were on patrol duty in a patrol car at approximately 7:00 a.m. on July 26, 2020,

32.     These officers drove into the back parking lot at the Wood Springs Suite Hotel, an area characterized by Officer Kimberly as a high-crime area.

33.     Once in the parking lot, the officers noticed two cars backed into parking stalls in the back corner of the parking lot.

34.     Both cars were occupied. The officers parked their patrol car and approached the parked cars.

35.     The first vehicle was a Mitsubishi occupied by Plaintiff Kenyon Fletcher in the driver seat and Breanna White in the front passenger seat.

36.     The second vehicle was a Honda with Richard Hatcher in the driver's seat and Chanteal Waite in the passenger seat.

37.     As Officer Kimberly approached the cars, he saw the driver of the Honda, Mr.

Hatcher, move from the Honda to the backseat of the Mitsubishi.

38.    When Officer Kimberly was near enough to the parked vehicles, he asked what the individuals were doing. Mr. Fletcher answered, and told him that they were eating breakfast and had just met up with the people in the other car. The officers saw breakfast food in the cars.

39.    When Officer Kimberly asked the individuals if they were staying at the hotel, the individuals told Officer Kimberly that they could not check in until 11:00 a.m.

40.    Officer Kimberly noticed that the Honda, which Mr. Hatcher initially occupied, had a piece of paper on the dashboard covering the VIN number of the vehicle. Officer Kimberly did not see any drug paraphernalia or illegal contraband as he looked into the two cars.

41.    Officer Kimberly asked the individuals in the cars several questions and asked each of them for identification in order to see if they had arrest warrants. Officer Kimberly took photographs of Mr. Fletcher's identification card and returned it to him. Officer Kimberly told them to stick around while he did the warrant checks. Officer Kimberly went back to his patrol car to conduct the warrants check on his computer.

42.    The passenger in Mr. Hatcher's car, Chanteal, asked the officers if she could go to the bathroom while the officers were running computer checks. The officers said that she would need an officer to escort her.

43.    Officer Kimberly determined that none of the individuals had warrants for their arrest.

44.    Officer Cluff arrived at this same parking lot as a backing officer shortly after Officer Kimberly's and Officer Shuman's arrival.

45.    Officer Cluff checked the license plates of both cars and told Officer Kimberly

that the license plate for the Honda was not on file. Officers had to open the door of the Honda, Mr. Hatcher's vehicle, to see the VIN number because the paper was covering the VIN number on the dashboard.

46.    After opening the door to check the VIN, Officer Kimberly determined that the Honda was a stolen vehicle, and the officers arrested Mr. Hatcher for possession of the stolen Honda.

47.    Officer Kimberly told Mr. Fletcher to exit his vehicle, the Mitsubishi, after he performed the warrant check. Officer Kimberly proceeded to ask Mr. Fletcher a series of questions including how he knew Mr. Hatcher, why Mr. Fletcher went to prison previously, whether Mr. Fletcher was using drugs and several additional questions about drug history.

48.    After asking these questions, Officer Kimberly stated to Mr. Fletcher "Since you are on paper, would you mind if we went through your vehicle real quick?"

49.    Mr. Fletcher had already been detained by officers for over twenty minutes when Officer Kimberly asked if he could search Mr. Fletcher's car.

50.    Mr. Fletcher responds, "I mean no but yeah at the same time, you know what I mean." Mr. Fletcher then tells the officer that he is in a rush. Officer Kimberly responded with another request to search the vehicle, asking, "Do you mind if we take a quick peek inside? We won't go through everything."

51.    Mr. Fletcher tells the officers that they can look in the car. Officers found drug paraphernalia and arrested Mr. Fletcher.

**B.  COURT RULING**

52.    The Third Judicial District Court found that the interaction between the officers

and Mr. Fletcher on that day, July 26, 2020, began as a consensual encounter but became a detention when Officer Kimberly performed warrants checks.

53.     Officer Kimberly approached the individuals because they were in a parking lot in a high crime area. He called for additional officers and approached the cars. He proceeded to ask the individuals why they were there and what they were doing. The individuals told Officer Kimberly that they were eating breakfast and the officer could in fact see that they were eating in the cars. The individuals also told the officer that they could not check in until 11:00 AM. Officers did not see any drug paraphernalia or other criminal contraband in plain view in either car.

54.     Based on these facts, Officer Kimberly detained all four individuals, including Plaintiff Fletcher.

55.     Officer Kimberly asked for their identification to perform warrants checks and told them that they could not leave. Officers then checked each individual for warrants and checked to see if the cars they occupied were stolen. Officers learned that Mr. Fletcher did not have any warrants. They further determined that the car he was driving, the Mitsubishi, was not stolen. Officers determined that the Honda was stolen and arrested Mr. Hatcher. At this point in the encounter, Officer Kimberly told Mr. Fletcher to exit his vehicle and continued to question him.

56.     Officer Kimberly did not have reasonable articulable suspicion to detain Mr. Fletcher. "Based upon that whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." United States v Cortez, 449 U.S. 411, 417-18 (1981) (citations omitted).

57.     Here, officers were not presented with any facts to suggest Mr. Fletcher was engaged in criminal activity. Officer Kimberly's suspicion was based on his knowledge of the area Mr. Fletcher chose to park his car, the parking lot of a hotel. Mr. Fletcher answered each of the Officer's questions and the Court concludes that his answers did not give rise to reasonable suspicion that he was engaged in criminal activity. The State argues that the paper covering the VIN number on the Honda and Mr. Hatcher's subsequent arrest for possession of a stolen vehicle constitute grounds to detain and further investigate Mr. Fletcher. Officers had no reasonable facts connecting Mr. Fletcher to the stolen Honda. Mr. Fletcher never occupied the stolen Honda and was in fact in the driver's seat of a different vehicle during the encounter. Officers did not have a particularized basis for suspecting Mr. Fletcher of criminal activity and thus lacked reasonable suspicion to detain him.

58.     The Court further concludes that Mr. Fletcher's detention was unlawful because consent for the search of his vehicle was not valid since the consent was not voluntary and it was obtained by exploitation.

59.     According to findings in Third Judicial District Court, County of Salt Lake, State of Utah, Mr. Fletcher's detainment, arrest, and custody lacked integrity because the requisite "articulable suspicion" in violation of his constitutional rights that applied when he encountered the aforementioned officers was a bar to his search, detainment, arrest, and incarceration; the officers did not have grounds to take those actions.

60.     The actions taken by the aforementioned West Valley City Officers were in violation of the Utah Constitution, Article I, Section 14, which states:

>      "The right of the people to be secure in their persons, houses, papers, and effects
>      against unreasonable searches and seizures shall not be violated; and no warrant

shall issue but upon probable cause supported by oath or affirmation, particularly describing the place to be searched, and the person or thing to be seized."

61.    In the Memorandum Decision and Order, from Judge Heather Brereton, an evidentiary hearing was held November 2, 2021. The Court heard oral argument on the motion on January 5, 2022.

62.    Having considered the briefings, evidence presented, oral argument, the relevant law and for good cause, the court granted Mr. Fletcher's Motion to Suppress evidence obtained during Mr. Fletcher's unlawful search and seizure.

63.    The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their personals, house, papers, and effects, against unreasonable searches and seizures."

64.    Mr. Fletcher consequently served 23 months as a direct result of the Defendants' wrongful actions.

65.    Mr. Fletcher charges were ultimately disposed of on January 31, 2022.

66.    Notwithstanding the dismissal of the all charges pertaining to his detention and incarceration at the Utah State Prison, Mr. Fletcher was not immediately released from prison, but rather remained incarcerated without any legal justification for some time after the January 31, 2022 dismissal of all charges.

67.    Furthermore, Mr. Fletcher's reputation was destroyed as a direct result of the actions and decisions taken by the named entities and individuals.

68.    Mr. Fletcher reserves the right to supplement the referenced damages and the individuals and entities listed herein as discovery is made available to counsel.

69.     The parties at fault include, without limitation, the following officers and/or employees acting under the color of law for and in behalf of the West Valley City Police Department: James Shuman, Tyler Kimberly, T. Atkin, James Blake, Ben Matthew Cluff, W. Davis, T. Phillips, Henry Weber, Rushton, and Chief Jacobs. Counsel will specifically identify the individuals responsible as necessary for the damages incurred by Mr. Fletcher through the court discovery process. Additional claims may be introduced pending discovery proceedings.

## FIRST CAUSE OF ACTION
*Violations of the Fourth Amendment to The United States Constitution; Unlawful Search, Seizure, and Detention; 42 U.S.C. § 1983*

70.     Plaintiff hereby incorporates all preceding paragraphs by this reference as if those paragraphs were expressly set forth herein.

71.     The 4th Amendment to the U.S. Constitution states that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

72.     The Constitution and/or case law generally requires the government to get a warrant signed by a judge and to have probable cause before the search can take place.

73.     Defendants were at all relevant times herein officers of the West Valley City Police Department, a department of West Valley City, acting in their official capacity and under the color of law of the State of Utah as law enforcement officers, and violated Mr. Fletcher's civil rights in 2020.

74.     As West Valley City Police Officers, Defendants owed Mr. Fletcher a duty to operate within the laws of the State of Utah and United States, and protections of the U.S. Constitution and the Constitution of the State of Utah.

75.     Defendants did not obtain a warrant to search Mr. Fletcher or his vehicle.

76.     Defendants did not have probable cause to search Mr. Fletcher or his vehicle without a warrant.

77.     Defendants illegally conducted the search and seizure of Mr. Fletcher and his vehicle on July 26, 2020 resulting in the violation of Mr. Fletcher's constitutionally protected rights.

78.     Defendants breached this duty owed to Plaintiff when Defendants wrongfully seized, searched, arrested, incarcerated and held Mr. Fletcher for 23 months in violation of his civil rights under The United States Constitution and in violation of 42 U.S.C § 1983.

79.     As a direct and proximate result of the foregoing, Mr. Fletcher has incurred significant damages, special and general, economic and non-economic, including, but not limited to, mental anguish, emotional distress, pain and suffering, and personal injuries.

80.     Mr. Fletcher is therefore entitled to an award of damages in an amount to be determined by a jury at trial, including general, specific, direct and consequential, and special damages, at a minimum, $5,000,000 in addition to reasonable attorney fees under 42 U.S.C. § 1988.

81.     Furthermore, the actions of Defendants against the Plaintiff were conducted with (a) actual malice and/or (b) a conscious, reckless, and outrageous indifference to the Plaintiffs' Constitutional rights thereby justifying an award of punitive damages to the fullest extent

permitted by law.

## <u>SECOND CAUSE OF ACTION</u>
*Violations of the Fourth Amendment to The United States Constitution; Failure to Intervene, 42 U.S.C. § 1983*

82.     Plaintiff hereby incorporates all preceding paragraphs by this reference as if those paragraphs were expressly set forth herein.

83.     The 4th Amendment to the U.S. Constitution states that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." This helps secure peoples' right to have their "persons, houses, papers, and effects" safe from unreasonable search and seizure. The Constitution and/or case law generally requires the government to get a warrant signed by a judge and to have probable cause before the search can take place.

84.     Law enforcement personnel are required to uphold the law and protect the public from illegal acts, regardless of who commits them.

85.     Defendants had a duty to intervene when Mr. Fletcher's constitutional rights were violated by the unreasonable search and seizure of Mr. Fletcher's person and vehicle resulting in his wrongful arrest and incarceration for 23 months.

86.     Defendants failed to intervene when Mr. Fletcher's person and vehicle were wrongfully searched and seized in violation of his constitutional rights.

87.     As a direct and proximate result of the foregoing, Mr. Fletcher has incurred

significant damages, special and general, economic and non-economic, including, but not limited to, mental anguish, emotional distress, pain and suffering, and personal injuries.

88.     Mr. Fletcher is therefore entitled to an award of damages in an amount to be determined by a jury at trial, including general, specific, direct and consequential, and special damages, at a minimum, $5,000,000 in addition to reasonable attorney fees under 42 U.S.C. § 1988.

89.     Furthermore, the actions of Defendants against the Plaintiff were conducted with (a) actual malice and/or (b) a conscious, reckless, and outrageous indifference to the Plaintiffs' Constitutional rights thereby justifying an award of punitive damages to the fullest extent permitted by law.

## THIRD CAUSE OF ACTION
*42 U.S.C. § 1983; Monell Liability.*

90.     Plaintiff hereby incorporates all preceding paragraphs by this reference as if those paragraphs were expressly set forth herein.

91.     The West Valley City Police Department ("WVCPD") is the law enforcement agency in West Valley City, Salt Lake County, Utah.

92.     The Chief of the WVCPD is the "policymaker" with respect to WVCPD, as a law enforcement agency. See e.g., *Revene v. Charles County Comm'rs*, 882 F. 2d 870, 874 (4th Cir. 1989).

93.     Municipal liability can attach under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for even a single decision made by a final policymaker in certain circumstances, regardless of whether or not the action is taken once or repeatedly. See *Pembaur*

*v. City of Cincinnati*, 475 U.S. 469, 481, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). If an authorized policymaker approves a subordinate's decision and the basis for it, such ratification would be chargeable to the municipality under *Monell*. See *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

94.    The WVCPD has outlined their custom, pattern, practice, and/or procedure for search and seizure under the West Valley City Police Department Law Enforcement Manual.

95.    Further, WVCPD maintain customs, patterns, practices, and/or procedures for unconstitutional warrantless searches and seizures.

96.    Defendant Colleen Jacobs, as the chief of police of the WVCPD, and a policymaker for West Valley City, has supported the custom, pattern, practice, and/or procedure leading to the violations of constitutional rights by conducting wrongful searches and seizures without warrants.

97.    Defendant Colleen Jacobs, as the chief of police of the WVCPD, and a policymaker for the West Valley City, has supported the custom, pattern, practice, and/or procedure of hiring and training police officers who she knows violate constitutional rights by conducting unlawful searches and seizures without warrants.

98.    Named officer defendants were not disciplined or corrected in the unconstitutional custom, pattern, practice, and/or procedure by Defendant Colleen Jacobs, Defendant West Valley City or Defendant WVCPD.

99.    Defendants Jacobs, WVCPD and West Valley City furthered, encouraged and/or supported customs, patterns, practices, and/or procedures of law enforcement resulting in the unconstitutional search and seizure of Plaintiff.

100.    As evidence of the above-stated custom, pattern, practice, and/or procedure, Defendants WVCPD, Jacobs and West Valley City knew or should have known that Officer Kimberly and accompanying officer defendants would engage in unconstitutional search and seizures without warrants.

101.    Following Officer Kimberly's coercion of Mr. Fletcher to search him and his vehicle, without a court order or warrant, Defendants conducted an unreasonable search and seizure of Mr. Fletcher.

102.    Not including Officer Kimberly, present and involved Defendant Officers publicly ratified the actions of Officer Kimberly by assisting in the unreasonable search of Mr. Fletcher's person and vehicle which resulted in his unlawful arrest, detention and incarceration for 23 months or more.

103.    Consistent with and as a result of Defendants Jacob's, WVCPD's and the City's customs, patterns, practices, and/or procedures, Defendants conducted an unreasonable search and seizure of Mr. Fletcher's person and vehicle.

104.    As a direct and proximate result of the foregoing, Mr. Fletcher has incurred significant damages, special and general, economic and non-economic, including, but not limited to, mental anguish, emotional distress, pain and suffering, and personal injuries.

105.    Mr. Fletcher is therefore entitled to an award of damages in an amount to be determined by a jury at trial, including general, specific, direct and consequential, and special damages, at a minimum, $5,000,000 in addition to reasonable attorney fees under 42 U.S.C. § 1988.

106.    Furthermore, the actions of Defendants against the Plaintiff were conducted with

(a) actual malice and/or (b) a conscious, reckless, and outrageous indifference to the Plaintiffs' Constitutional rights thereby justifying an award of punitive damages to the fullest extent permitted by law.

## FOURTH CAUSE OF ACTION

*Violation of the Fourteenth Amendment to The United States Constitution; Protection Against State Action, 42 U.S.C. § 1983*

107.    Plaintiff hereby incorporates all preceding paragraphs by this reference as if those paragraphs were expressly set forth herein.

108.    The Fourteenth Amendment to the U.S. Constitution requires state actors to comply with various incorporated rights of the U.S. Constitution, including the Fourth Amendment prohibiting wrongful and unreasonable search and seizure.

109.    Defendants, by and through its officers and employees, operated in all relevant cases under the color of state law.

110.    All actions of Defendants in Mr. Fletcher's wrongful search and arrest in July 2020 were taken in performance of Defendants' official duties under state and/or municipal law or ordinance.

111.    Defendants were at all times relevant herein state actors as established by the U.S. Constitution.

112.    Defendants, as state actors, violated the Fourteenth Amendment upon searching Mr. Fletcher wrongfully and unreasonably in violation of the Fourth Amendment to the U.S. Constitution.

113.    As a direct and proximate result of the foregoing, Mr. Fletcher has incurred

significant damages, special and general, economic and non-economic, including, but not limited to, mental anguish, emotional distress, pain and suffering, and personal injuries.

114.    Mr. Fletcher is therefore entitled to an award of damages in an amount to be determined by a jury at trial, including general, specific, direct and consequential, and special damages, at a minimum, $5,000,000 in addition to reasonable attorney fees under 42 U.S.C. § 1988.

115.    Furthermore, the actions of Defendants against the Plaintiff were conducted with (a) actual malice and/or (b) a conscious, reckless, and outrageous indifference to the Plaintiffs' Constitutional rights thereby justifying an award of punitive damages to the fullest extent permitted by law.

## FIFTH CAUSE OF ACTION
*Violations of Article I, Sections 7, 9 and 14 of the Utah Constitution; Due Process, Cruel Punishment and Forbidden Searches.*

116.    Plaintiff hereby incorporates all preceding paragraphs by this reference as if those paragraphs were expressly set forth herein.

117.    Defendants were at all relevant times herein officers of the West Valley City Police Department, a department of West Valley City, acting in their official capacity and under the color of the law of the State of Utah and violated Mr. Fletcher's civil rights in 2020.

118.    As West Valley City Police Officers, Defendants owed Mr. Fletcher a duty to operate within the laws of the State of Utah and United States, and protections of the U.S. Constitution and the Constitution of the State of Utah.

119.    Defendants breached its duty owed to Plaintiff when Defendants wrongfully

seized, searched, arrested, incarcerated and held Mr. Fletcher for 23 months or longer in violation of Sections 7, 9 and 14 of Article I of the Utah Constitution.

120.    Defendants breached their duty owed to Plaintiff when their actions resulted in the deprivation of life and liberty during the period of wrongful incarceration.

121.    Defendants breached their duty owed to Plaintiff when Plaintiff was forcefully searched with unnecessary rigor and subjected to cruel and unusual punishment in prison as a result of Defendants actions.

122.    Even after dismissal of all claims against Mr. Fletcher, he was deprived of his liberty and life, and remained incarcerated for a certain period of time without any legal justification or due process amounting to cruel and unusual punishment.

123.    As a result of the foregoing, Mr. Fletcher has incurred significant damages, including, but not limited to, mental anguish, emotional distress, pain and suffering, personal injuries, false imprisonment, wrongful arrest, and malicious prosecution.

124.    As a direct and proximate result of the foregoing, Mr. Fletcher has incurred significant damages, special and general, economic and non-economic, including, but not limited to, mental anguish, emotional distress, pain and suffering, and personal injuries.

125.    Mr. Fletcher is therefore entitled to an award of damages in an amount to be determined by a jury at trial, including general, specific, direct and consequential, and special damages, at a minimum, $5,000,000 in addition to reasonable attorney fees.

126.    Furthermore, the actions of Defendants against the Plaintiff were conducted with (a) willful and malicious, or fraudulent intent, and/or (b) a reckless indifference and/or a disregard of Plaintiff's rights justifying an award of punitive damages to the fullest extent

permitted by law.

**PRAYER FOR RELIEF**

Plaintiff Kenyon Fletcher prays for the judgement against Defendants as follows:

1.      On Plaintiff's First Cause of Action, Plaintiff requests an award of damages in an amount to be determined by a jury at trial, including general, specific, direct and consequential, and special damages, at a minimum, $5,000,000;

2.      On Plaintiff's Second Cause of Action, Plaintiff requests an award of damages in an amount to be determined by a jury at trial, including general, specific, direct and consequential, and special damages, at a minimum, $5,000,000;

3.      On Plaintiff's Third Cause of Action, Plaintiff requests an award of damages in an amount to be determined by a jury at trial, including general, specific, direct and consequential, and special damages, at a minimum, $5,000,000;

4.      On Plaintiff's Fourth Cause of Action, Plaintiff requests an award of damages in an amount to be determined by a jury at trial, including general, specific, direct and consequential, and special damages, at a minimum, $5,000,000;

5.      On Plaintiff's Fifth Cause of Action, Plaintiff requests an award of damages in an amount to be determined by a jury at trial, including general, specific, direct and consequential, and special damages, at a minimum, $5,000,000;

6.      Plaintiff also requests an award of attorney fees and costs and interest.

7.      Plaintiff also requests pre- and post-judgement interest at the highest rates allowed.

8.      Plaintiff also requests a judgement against Defendants for punitive damages.

9.    For such other and further relief as the Court deems just and equitable under the circumstances.

DEMAND FOR JURY TRIAL

Plaintiff Fletcher hereby requests a jury trial on all claims and herewith submits the required jury fee.

DATED this day of November 3, 2023

PACE JOHNSON LAW GROUP

*/s/ Pace Johnson*
Pace Johnson
*Attorney for Plaintiff*